IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FRANK JOSEPH SAWKA, (TDCJ #1736235) § § § Petitioner, § § v. § § LORIE DAVIS, Director, § Texas Department of Criminal Justice - § Correctional Institutions Division, § § Respondent. § | | CIVIL ACTION NO. H-18-0089 |

**MEMORANDUM AND OPINION**

Frank Joseph Sawka, a Texas state inmate, has filed a handwritten petition to hold a hearing under federal law. The petition seeks relief from a state-court conviction and is properly treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

Sawka, representing himself, has filed numerous motions in connection with his petition. The threshold issue is whether Sawka has exhausted his state-court remedies, which he must do for this case to proceed. Based on his pleadings and the law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that he has failed to exhaust and dismisses this petition, without prejudice.

Sawka is incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division as the result of a 2011 Texas state-court conviction in Cause Number 1269128, in Harris County, Texas.[1] Sawka was convicted of aggravated sexual assault of a child under 14 and

---

[1] The court takes judicial notice of information on the status of Sawka's state-court proceedings from
(continued...)

P:\CASES\prisoner-habeas\2018\18-0089.Sawka, Frank - unexhausted v.3.wpd

sentenced to a 25-year term under a written plea-bargain agreement. Sawka waived his right to appeal.

On January 2, 2018, Sawka filed this federal petition for a writ of habeas corpus to challenge his conviction. Sawka's primary contention is that his guilty plea was involuntary and that he is entitled to an acquittal. Sawka did not file an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure to challenge this conviction.

Under the federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). An exception is present only if there is no available State corrective process or there are circumstances that make the process ineffective to protect the applicant's rights. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust on its own motion. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

---

[1](...continued)
publicly available state court records. *See* Website for Harris County District Clerk's Office, available at http://www.hcdistrictclerk.com (last visited on Feb. 27, 2018).

To exhaust his state remedies, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner does not exhaust the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by: (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) filing a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case and this court's independent review of the available state-court records, demonstrate that Sawka neither appealed his conviction nor filed an application for a state writ of habeas corpus to challenge his conviction. This means that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Sawka does not satisfy any statutory exception to exhaustion. This federal habeas petition must be dismissed as premature for lack of exhaustion.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner

to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Sawka stated a valid claim for relief. No certificate of appealability will issue.

This case is dismissed without prejudice for failure to exhaust the available remedies on the claims to the state's highest court of criminal jurisdiction, as required by 28 U.S.C. § 2254. A certificate of appealablity is denied. All pending motions are denied as moot.

SIGNED on March 8, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge